# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD KINNAMON, | CASE NO. 1:12-cv-01155-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| V. LOPEZ, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |
| _____/ | |

## First Screening Order

### I.    Screening Requirement and Standard

Plaintiff Todd Kinnamon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 16, 2012. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

2  do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic

3  Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to

4  indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5  (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal

6  conclusions are not. Iqbal, 556 U.S. at 678.

7         Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings

8  liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d

9  1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's

10 claims must be facially plausible to survive screening, which requires sufficient factual detail to

11 allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,

12 Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969

13 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

14 consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678

15 (quotation marks omitted); Moss, 572 F.3d at 969.

16 **II.   Discussion**

17       **A.   Allegations**

18       Plaintiff, who is incarcerated at Richard J. Donovan Correctional Facility in San Diego,

19 brings this action against law library coordinators V. Lopez and J. Guzman, Correctional Officer

20 Dever, and John Doe, M.D., for violation of his rights under the United States Constitution while

21 he was at Pleasant Valley State Prison in Coalinga.

22       Plaintiff alleges that Defendants Lopez and Guzman denied him access to the law library,

23 causing him to lose a case he was litigating in state court; Defendant Dever shot him during the

24 course of a prison disturbance in which he was not a participant; and Defendant Doe failed to

25 provide proper medical care, resulting in his need for a pacemaker.

26       **B.   Improper Joinder**

27       Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R.

28 Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507

F.3d 605, 607 (7th Cir. 2007).  Plaintiff's allegations are very general and provide little specificity regarding his claims, but even so, it is apparent from the face of the complaint that Plaintiff's excessive force and medical care claims may not be joined in this action with his access to the courts claim.  Plaintiff's excessive force claim and medical care claim also appear to be unrelated.

Plaintiff's complaint fails to state any claims for relief.  As discussed in the following sections, Plaintiff may file an amended complaint and in his amended complaint, he must determine which claim he wishes to pursue in this action.  His unrelated claims must be raised in separate actions.  If Plaintiff fails to make the determination himself and again alleges unrelated claims, the Court will determine which claim will proceed, assuming Plaintiff is able to cure the deficiencies identified in this order.

**C.   Claims for Relief**

**1.   Denial of Access to the Courts**

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Although Plaintiff alleges that he lost a pending court case as a result of being denied access to the law library, Plaintiff's conclusory allegations are insufficient to state a claim for relief against Defendants Lopez and Guzman.  Plaintiff must allege sufficient facts to show that Defendants Lopez and Guzman caused him to suffer an actual injury with respect to qualifying litigation.  Lewis, 518 U.S. at 355.

**2.   Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied

3

in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff alleges that he was shot by Defendant Dever, at which time he was lying down and obeying all orders, but the context of the shooting is left just unclear enough to fall short of stating a plausible claim for relief. The shooting occurred during a prison disturbance. While Plaintiff alleges he was not involved and Defendant intentionally shot into the crowd, the fact that it occurred during a disturbance involving the need for guns leaves the Court unwilling to just assume, based on Plaintiff's bare allegations, that Defendant Dever's use of force was malicious and sadistic for the very purpose of harming Plaintiff rather than to restore order.

### 3. Denial of Medical Care

To maintain an Eighth Amendment claim based on medical care in prison, Plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires Plaintiff to show (1) a serious medical need by demonstrating that failure to treat his condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted). Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted).

Plaintiff alleges that he was denied medication for pain and suffering, resulting in his need for a pacemaker. This conclusory allegation, however, is insufficient to support a claim that medical staff knowingly disregarded an excessive risk of harm to Plaintiff's health, causing him injury. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994).

///

**III.     Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint, and Plaintiff must omit any improperly joined claims. George, 507 F.3d at 607.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:    March 12, 2013**                          **/s/ Sheila K. Oberto**
                                           UNITED STATES MAGISTRATE JUDGE