# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD KINNAMON, | CASE NO. 1:12-cv-01155-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| V. LOPEZ, et al., | (Doc. 13) |
| Defendants. | ORDER THAT DISMISSAL IS SUBJECT TO THREE STRIKES PROVISION UNDER 28 U.S.C. § 1915(G) |

**Second Screening Order Dismissing Action**

I. **Screening Requirement and Standard**

Plaintiff Todd Kinnamon, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 16, 2012. On March 13, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state any claims under section 1983. Plaintiff filed an amended complaint on April 1, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1   A complaint must contain "a short and plain statement of the claim showing that the pleader
2   is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
3   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
4   do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic*
5   *Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to
6   indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)
7   (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal
8   conclusions are not. *Iqbal*, 556 U.S. at 678.

9   Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt
10  resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-23 (9th Cir. 2012); *Hebbe v. Pliler*,
11  627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive
12  screening, which requires sufficient factual detail to allow the Court to reasonably infer that each
13  named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S. at 678 (quotation marks
14  omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that
15  a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of
16  satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572
17  F.3d at 969.

18  **II.   Claim for Denial of Access to the Courts**

19  Plaintiff, who is currently incarcerated at Richard J. Donovan Correctional Facility in San
20  Diego, brings this action against Correctional Officer Velia Lopez and Lab Library Technician James
21  Guzman for violating his right of access to the courts when he was at California State Prison-
22  Corcoran.

23  Plaintiff, a priority law library user who knows little about the civil law, alleges that because
24  he had no access to the law library, he was unable to defend and litigate his case and it was
25  dismissed. (Amend. Comp., § IV.) Plaintiff alleges that Defendants Lopez and Guzman are
26  responsible for the violation of his rights through their unprofessional negligence, and Plaintiff refers
27  to "a Board of Control complaint followed by the complaint." (*Id.*)
28  ///

Inmates have a fundamental constitutional right of access to the courts, *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009), and prison officials may not actively interfere with an inmate's right to litigate, *Silva*, 658 F.3d at 1101-02.  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted), *cert. denied*, 132 S.Ct. 1823 (2012); *Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); *Lewis*, 518 U.S. at 351; *Phillips*, 588 F.3d at 655.

Plaintiff's conclusory allegations are insufficient to support a claim that Defendants Lopez and Guzman were the proximate cause of an actual injury to his court case.[1]  It is unclear why Plaintiff's court case was dismissed and how Defendants were responsible for the dismissal. Plaintiff does not have a right to litigate effectively once in court and therefore, his inability to access to the library to conduct research does not, alone, rise to the level of a constitutional violation. *Lewis*, 518 U.S. at 354.

**III.    Conclusion and Order**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983.  Plaintiff was previously provided with notice of the deficiencies in his claim and given leave to amend, and based on the deficiencies at issue in his amended complaint, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///
///
///
///
///

---

[1] In his original complaint, Plaintiff identified the case as being litigated in state court. (Doc. 1, Comp., § IV.)

3

Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim under section 1983 and this dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva*, 658 F.3d at 1098-99.

IT IS SO ORDERED.

Dated:   April 3, 2013                             /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE